## J. E. JONES ET AL. VS. OCTAVIA C. PYRON ET AL.

### SUPREME COURT, AUSTIN TERM, 1882.

*Bankruptcy—Omission from schedule—Estoppel.*—The title of a bankrupt, notwithstanding the failure to schedule the land, passes to the assignee as effectually, for the purposes of his trust, as did the title to any other property of the bankrupt. Such land not having been disposed of by the assignee, the title thereto, after the termination of the bankruptcy proceedings, remained in the bankrupt or his heirs, and the mere fact that the land was not scheduled constitutes no valid ground for denying to the heirs the benefit of their title as against parties who fail to show any other ground of defense.

Opinion by Gould, C. J.—The widow and heirs of Charles L. Pyron sued to recover 738 acres of land, and the evidence adduced by them was sufficient to show title in said Pyron through a deed dated in 1844, and to support the judgment recovered by plaintiffs. That judgment must stand, unless the court erred in excluding evidence of certain proceedings in bankruptcy, showing that in 1868 Pyron, on his own petition, was adjudged a bankrupt; that the 738 acres of land was not scheduled by him as part of his property; that he scheduled an indebtedness of $20,000, whilst his list of property was of small value. These proceedings also showed the discharge of Pyron in 1869, and that his schedule and his application for discharge was verified by his affidavit. The defendants adduced no evidence of title in themselves, but relied on these proceedings as estopping the heirs of Pyron from claiming that he owned said land at the time of his bankruptcy, or at the time of his death, and as showing an outstanding title in some person unknown.

The omission of the land in the list of the bankrupt property is not alleged or shown to have misled the defendants, or those under whom they claim, to their injury.

Whether the omission was intentional for the purpose of defrauding his creditors, or was caused by forgetfulness or inadvertance, or by the fact that Pyron had parted with his interest, it is not perceived how it could equitably estop him or his heirs from claiming the land, unless as against some one who was deceived by the omis-

sion and induced thereby to purchase from some other claimant. Clearly, the elements of an equitable estoppel are wanting.

So, also, of an estoppel by record or by deed. The schedule was not an adjudication of the title, nor was it a deed or conveyance; nor was the title in any way dependant on it. Moreover, the defendants in no way connect themselves with the bankruptcy proceedings. Stevens vs. Earles (25 Mich., 41), is a case much in point. In that case it was held that the heirs were not estopped by the omission of the bankrupt ancestor to schedule a tract of land. It was also held, that on the termination of the proceedings in bankruptcy, all property undisposed of reverts to the bankrupt or his estate. The assignment is regarded as a trust or power for a specific purpose, and when that purpose is fulfilled, it is held that the power, or the trust estate, terminates. "The title," it is said, "must be somewhere, and under the circumstances, it is necessary to regard it as in the only party interested."

To the like effect on the latter point is the case of Conner vs. Southern Express Company (42 Ga., 38). Referring to a claim in suit, when the plaintiff, pending the suit, had passed through bankruptcy, and the bankruptcy proceedings being closed, sought to carry on the suit, the court say: "We must conclude that for some proper reason, the title to this claim has reverted to the bankrupt. *Prima facie*, that is true, because the assignee has not undertaken to control it. * * * The presumption is that the judgment of the bankrupt court discharging the bankrupt and assignee, closes up the business."

Appellant cites the case of Deaderick vs. Simons (11 Humph. 588), where a different opinion as to the effect of the omission to schedule is expressed. A bankrupt, entitled in right of his wife to a share of an estate, had failed to schedule his claim, and the question of the effect of this failure on his rights came up after his wife's death, in a suit by other claimants of the estate for partition. The failure of the assignee to sue is treated as an abandonment by him, but not as conferring any rights on the bankrupt. Of him, it is said: "He is repelled and estopped by the assignment." No authority is cited, and no attempt is made to show in principle how the bankrupt was estopped. The case of Stevens vs. Earles, appears to have been carefully considered, and seems to us founded on correct principle, and to be the better authority.

The position is also taken that the evidence was admis-

sible as tending to show that Pyron did not own the land at the time of his death. It is enough to say that the evidence was in itself wholly insufficient to establish that Pyron did not own the land at his death, and there was no proffer to connect it with the evidence on that point. Had it been admitted in the absence of other evidence, a verdict for the defendants would not have been allowed to stand. The exclusion, under the circumstances, was not erroneous, and even if it were, the same operated no injury. Had the defendants, undertaken to establish the genuineness of the deed from Pyron to Thompson, which they had pleaded, and the genuineness of which had been denied under oath, the.question of the admissibility of this evidence and of the effect of its exclusion would have been very different.

The suggestion that public policy forbids a court of justice from preventing the recovery, by the bankrupt or his heirs, of property which he failed to schedule, seems founded on a question asked by Lord Tenterden during the argument of Nicholls vs. Dwones (4 Carr & Payne, 330; 19 E. C. L., 539.) The decision, however, was merely that the schedule was admissible evidence to defeat the collection of a debt which the insolvent was seeking to recover, and, in connection with other proof, might be sufficient. Aside from this, the present case is distinguishable from that, as involving the title to land. The policy of the law protects the title to land by surrounding it with greater safeguards than are thrown around personal property or the mere ownership of a debt. The legal title to land should command the protection of the law, unless it be found that on either principle of law or equity the right must be denied.

Our conclusion is, that the title of Pyron, notwithstanding the failure to schedule the land, passed to the assignee as effectually, for the purpose of his trust, as did the title to any other property of the bankrupt; that the land, not having been disposed of by the assignee, the title thereto, after the termination of the bankruptcy proceedings, remained in Pyron, or his heirs, and that the mere fact that the land was not scheduled, constituted no valid ground, either at law or in equity, for denying to these heirs the benefit of their title, as against parties who fail to show any other ground of defense.

The judgment is affirmed.